**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000046
14-APR-2015
01:05 PM**

NO. CAAP-15-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, by its Office of Consumer Protection,
Plaintiff-Appellee, v. DEBORAH ANN HOKULANI JOSHUA,
Defendant-Appellant, and RONALD R. RABANG and
MATTHEW G. AIELLO, Defendants

IN THE CIRCUIT COURT OF THE FIRST
(CIVIL NO. 08-1-0240-02(JHC))

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of the record on appeal, it appears that we

lack appellate jurisdiction over this appeal that Defendant/

Cross-Claim Defendant/Appellant Deborah Ann Hokulani Joshua

(Appellant Joshua) has asserted from the Honorable Jeannette H.

Castagnetti's January 8, 2015 "Findings of Fact, Conclusions of

Law, Order of Contempt and Order Modifying Permanent Injunction"

(the January 8, 2015 order), because the circuit court has not

yet entered a final judgment that satisfies the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment

-2-

> language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

In the instant case, the circuit court has entered a May 14, 2009 judgment and a March 4, 2015 amended judgment. However, despite that Plaintiff-Appellee State of Hawai'i, by its Office of Consumer Protection's (Appellee State Office of Consumer Protection), asserts multiple claims in its February 4, 2008 complaint by way of six distinct and separately enumerated counts, neither the May 14, 2009 judgment nor the March 4, 2015 amended judgment specifically identifies the claim or claims on which the circuit court intends to enter judgment in favor of Appellee State Office of Consumer Protection and against

-3-

Appellant Joshua. Instead of entering judgment on or dismissing a specifically identified claim or claims from Appellee State Office of Consumer Protection's complaint as to Defendants/Cross-Claim Plaintiffs/Appellees Matthew G. Aiello (Appellee Aiello) and Ronald R. Rabang (Appellee Rabang), the May 14, 2009 judgment vaguely and insufficiently dismisses Appellee State Office of Consumer Protection's complaint as to Appellee Aiello and Appellee Rabang "[e]xcept as otherwise provided" in prior stipulations and orders. Furthermore, instead of the circuit court expressly entering judgment on or dismissing Appellee Aiello's and Appellee Rabang's cross-claims against Appellant Joshua, the May 14, 2009 judgment vaguely and insufficiently states that Appellee Aiello and Appellee Rabang supposedly dismiss their cross-claims, when, under these circumstances, only the circuit court is authorized to dismiss their cross-claims.

The March 4, 2015 amended judgment does not, on its face, expressly enter judgment on or dismisses the cross-claims, as HRCP Rule 58 requires under the holding in Jenkins. Instead, the March 4, 2015 amended judgment merely closes with a conclusory statement declaring that "[t]here are no remaining unresolved claims in the case." While describing the requirements for an appealable final judgment, the Supreme Court of Hawai'i explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because neither the May 14, 2009 judgment nor the March 4, 2015 amended judgment, on its face, expressly resolves all claims against all parties, neither judgment satisfies the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Joshua's appeal is premature.

Accordingly, IT IS HEREBY ORDERED that CAAP-15-0000046 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-15-0000046 are dismissed as moot.

DATED: Honolulu, Hawai'i, April 14, 2015

Chief Judge

Associate Judge

Associate Judge

-5-